**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **EFCO, INC. d/b/a AJAX/CECO/ ERIE PRESS,** | ) | |
| **Plaintiff,** | ) | **Case No. 1:24-cv-256** |
| **v.** | ) | |
| **WELDALOY PRODUCTS CO.,** | ) | |
| **Defendant.** | ) | |

**MEMORANDUM ORDER**

This civil action arises from a business dispute between EFCO, Inc. d/b/a AJAX/CECO/ Erie Press ("Erie Press"), a manufacturer of large forging machinery, and Weldaloy Products Co. ("Weldaloy"), a forging and machining provider.

In December 2021, the parties entered into an agreement whereby Weldaloy agreed to purchase, and Erie Press agreed to design, manufacture and install, a 3000 Ton Ring Preform Press ("Ring Press") at Weldaloy's Warren, Michigan plant, for a total contract price of $3,090,000. Weldaloy claims that, as part of this contract, Erie Press provided certain warranties, including:

- that the Ring Press would achieve a Fast Approach Speed and Return Speed of 900 Inches Per Minute ("IPM");
- that Erie Press would use certain high-quality, name-brand parts in the manufacture of the Ring Press;
- that Erie Press would supply "Instruction, Operation, and Maintenance" documentation for the Ring Press;
- that Erie Press would provide a "source code" through an end-user license, "for use and modification" on the Ring Press; and
- that the Ring Press software interface would include a "Recipe Management" ability, which would allow users to operate the Ring Press efficiently.

ECF No. 34, First Amended Counterclaim ("FACC") ¶¶ 70-81.

A dispute later arose between the parties concerning Erie Press's performance under the contract. Erie Press contends that its performance is complete and that Weldaloy has breached the agreement by withholding approximately $1,044,750 of the final payment. Weldaloy claims that Erie Press failed to perform its work in a timely and workmanlike manner, fraudulently concealed its poor workmanship, and misrepresented that the Ring Press was complete and operational at a particular speed, when it was not. *See* FACC, ¶¶4-13.

The dispute culminated in this civil action in which Erie Press has sued Weldaloy for alleged breach of contract, and Weldaloy has counter-sued with various contract and tort claims. Weldaloy initially countersued only for breach of contract. However, during the course of litigation, Weldaloy employed a third-party consultant who allegedly discovered that the Ring Press was malfunctioning at 900 IPM and had been programmed to run at a slower speed of 600 IPM. Weldaloy alleges that this material information was concealed through Erie Press's failure to provide the "source code" for the Ring Press's software.

Based on these alleged developments, Weldaloy filed an amended response in which it asserts six counterclaims against Erie Press, *to wit:* (1) breach of contract, (2) fraud, (3) negligent misrepresentation, (4) fraudulent concealment, (5) fraudulent nondisclosure, and (6) breach of warranty.

Currently pending is a motion by Erie Press to dismiss the tort claims in Counts 2 through 5 of Weldaloy's amended counterclaims. The sole argument asserted by Erie Press is that Weldaloy's tort claims are barred by the "gist of the action" doctrine. *See* ECF No. 35. The

matter has been briefed by the parties, *see* ECF Nos. 36, 39, and 40, and the Court has reviewed all filings.

"Under Pennsylvania law, the gist of the action doctrine prevents a purely contractual duty from serving as the basis for a tort claim." *SodexoMAGIC, LLC*, 24 F.4th 183, 216 (3d Cir. 2022) (citing *Bruno v. Erie Ins. Co*., 106 A.3d 48, 65 (Pa. 2014)). Tort actions arise from the breach of a duty that is owed to others as a matter of social policy, while breach-of-contract actions arise from the breach of a duty created by contract. *Id*. (citing *Bruno*, 106 A.3d at 68) (explaining that tort claims involve a "violation of a broader social duty owed to all individuals" and thus exist "regardless of the contract")). "When a duty is created by contract, the gist of the action doctrine requires that a claim for a breach of that duty be brought in contract, not tort." *Id*. (citing *Bruno*, 106 A.3d at 68) ("[If] the duty breached is one created by the parties by the terms of their contract ... then the claim is to be viewed as one for breach of contract.")).

According to Erie Press, that is exactly what has occurred here. Erie Press contends that Weldaloy's claims essentially sound in contract, requiring that the fraud and misrepresentation claims at Counterclaims 2 through 5 be dismissed. Weldaloy contends that Erie Press's argument relies on outdated jurisprudence and should be evaluated on a more complete factual record.

After full consideration of the parties' filings, the Court agrees that a determination of whether the "gist of the action" doctrine bars Weldaloy's tort claims is premature at this stage of these proceedings. This case is somewhat factually complex, given the sophisticated nature of the parties' underlying agreement, and resolution of the merits will likely, if not inevitably, involve expert discovery. Based on the nature of Weldaloy's allegations, the Court finds that Erie Press's "gist of the action" challenge should be resolved on a more developed factual

record, when the full scope of the parties' contractual obligations is known, and the specific conduct of all relevant actors has been determined. *See, e.g.*, *Callery v. HOP Energy*, LLC, No. CV 20-3652, 2023 WL 2601178, at *6 (E.D. Pa. Mar. 22, 2023) ("[B]ecause the gist of the action doctrine requires a fact-intensive analysis, courts are cautious about dismissing tort claims at the motion to dismiss stage based on this doctrine.") (citation omitted) (alteration in the original); *Boyer v. Clearfield Cnty. Indus. Dev. Auth.*, Civil No. 3:19-152, 2021 WL 2402005, at * 15 (W.D. Pa. June 11, 2021) ("[D]istrict courts in this Circuit commonly allow contract and tort claims to simultaneously proceed into discovery and defer evaluating a gist of the action challenge until the summary judgment stage if necessary.") (citation omitted); *H Contractors, LLC v. E.J.H. Construction, Inc.*, Civil Action No. 16-368, 2017 WL 658240, at *5-6 (W.D. Pa. Feb. 16, 2017) (denying motion to dismiss on "gist of the action" grounds but allowing the movant to "revisit this issue after the close of discovery").

Accordingly, IT IS ORDERED, this 26th day of October 2026, that Plaintiff Erie Press's motion to dismiss Counterclaims 2 through 5, ECF No. [35], is DENIED without prejudice, and may be reasserted, if warranted, at a later stage of these proceedings.

Susan Paradise Baxter
Susan Paradise Baxter
United States District Judge